UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ORIAN LISA JUAREZ, | Case No. 1:15-cv-01820-AC |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**ACOSTA, Magistrate Judge:**

Orian Juarez ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). Because the Commissioner's decision is not supported by substantial evidence, her decision is REVERSED and REMANDED for further proceedings.

*Procedural Background*

Plaintiff filed her application for DIB on April 26, 2012, alleging disability as of February 16, 2010. (Tr. 212.) The Commissioner denied her application initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). (Tr.

127-28.) An administrative hearing was held on June 24, 2014. (Tr. 40-75.) After the hearing, the ALJ issued an unfavorable decision dated August 8, 2014. (Tr. 20-34.) The Appeals Council denied plaintiff's subsequent request for review on July 27, 2015, making the ALJ's decision final. (Tr. 1-6.) Plaintiff filed this appeal, arguing that the ALJ erred by: (1) improperly rejecting the medical opinion evidence, and (2) improperly rejecting her subjective symptom testimony.

*Factual Background*

Born in April, 1953, plaintiff was 61 years old at the time of the administrative hearing. (Tr. 212.) She completed two years of college and worked as a registered nurse for over 30 years. (Tr. 47, 217.) Plaintiff alleges disability due to musculoskeletal pain, fibromyalgia, high blood pressure, diabetes, depression, sleep apnea, high triglycerides, and breast cancer. (Tr. 216.)

*Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

Page 2 – OPINION AND ORDER

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 404.1520(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. § 404.1520(e). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141. At step five, the Commissioner must establish that the claimant can perform other work. *Id.* at 142; 20 C.F.R. § 404.1520(e) & (f). If the Commissioner meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. § 404.1566.

Page 3 – OPINION AND ORDER

### *The ALJ's Findings*

The ALJ performed the sequential analysis. At step one, he found that plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 26.) At step two, the ALJ concluded that plaintiff had the severe impairments of degenerative disc disease of the cervical spine with spondylosis; sacroiliac joint dysfunction; and obesity. *Id.* At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (Tr. 28.)

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff has the RFC to perform light work with the following limitations: she can stand and walk for up to 4 hours and sit for up to 6 hours in an 8-hour workday; she can frequently climb ramps or stairs and rotate her neck; she can occasionally stoop, kneel, crouch and crawl, and perform overhead reaching with no above-shoulder work; and she should avoid all climbing of ladders, ropes, or scaffolds, as well as concentrated exposure to excessive vibration and moderate exposure to unprotected heights and hazardous machinery. (Tr. 29.)

At step four, the ALJ found that plaintiff was able to perform her past relevant work as a nurse. (Tr. 32.) The ALJ therefore concluded plaintiff was not disabled. (Tr. 33-34.)

### *Discussion*

I.   Medical Opinion Evidence

Plaintiff first argues that the ALJ erred by rejecting the medical opinions of orthopedic surgeon Andy Kranenburg, M.D., and treating physician Robert Blanche, M.D. In general, the opinion of a treating physician is given more weight than the opinion of an examining physician, and the opinion of an examining physician is given more weight than the opinion of a non-examining physician. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). "If a treating

Page 4 – OPINION AND ORDER

physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007); 20 C.F.R. § 404.1527(c). To reject the uncontroverted opinion of a treating or examining physician, the ALJ must present clear and convincing reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

If a treating or examining physician's opinion is contradicted by another physician's opinion, it may be rejected by specific and legitimate reasons. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). When evaluating conflicting opinions, an ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory. *Id.* at 1149.

A. *Orthopedic Surgeon Andy Kranenburg, M.D.*

Dr. Kranenburg examined plaintiff on April 13, 2011. (Tr. 490.) He noted increased pain in her left side and found guarded forward flexion extension and "extreme tenderness to palpation over the left sacral sulcus, along with positive hip extension and markedly strong positive Fabere's test, on the left side." (Tr. 491.) Dr. Kranenburg diagnosed left sacroiliac joint arthritis and dysfunction; mild multi-level spondylosis; obesity; and long-acting narcotic tolerance. (Tr. 492.) He concluded that plaintiff was disabled by her level of pain. *Id.*

The ALJ did not discuss Dr. Kranenburg's opinion in his written decision, and therefore rejected it. *See Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996) (an ALJ effectively rejects an opinion when he ignores it). It is error to ignore an examining physician's medical opinion without providing reasons for doing so. *Id.* at 1286. The ALJ's failure to discuss Dr. Kranenburg's medical opinion and provide legally sufficient reasons for rejecting it was legal error.

Page 5 – OPINION AND ORDER

*B. Treating Physician Robert Blanche, M.D.*

Over the course of treatment, Dr. Blanche authored numerous opinions regarding plaintiff's ability to work. On March 1, 2010, he opined that plaintiff "is in such severe pain that she cannot work." (Tr. 443.) On March 23, 2010, Dr. Blanche wrote that plaintiff's condition had improved, but "she is disabled completely from her neck, lumbar spine, and myofascial pain syndrome." (Tr. 442.) He noted that plaintiff's medications were so strong as to preclude working as a nurse.

The ALJ gave Dr. Blanche's opinion little weight. (Tr. 31.) As an initial matter, Dr. Blanche's opinion that plaintiff could not perform her past work as a nurse was contradicted by the opinions of state agency medical consultant Leslie Arnold, M.D., who reviewed the medical evidence and concluded that plaintiff was not disabled. (Tr. 89.) The ALJ was therefore required to provide specific, legitimate reasons for rejecting Dr. Blanche's controverted opinion. *Tonapetyan*, 242 F.3d at 1148.

The ALJ determined that Dr. Blanche's opinion was both internally inconsistent and inconsistent with the medical record as a whole. (Tr. 31.) It is the ALJ's duty to resolve conflicts in the record. *Morgan v. Comm'r*, 169 F.3d 595, 603 (9th Cir. 1999). Here, the ALJ found that Dr. Blanche's conclusions were inconsistent with treatment notes from physical exams, which showed "largely unremarkable" examination results. (Tr. 323, 331, 416.) Dr. Blanche's own notes also reported plaintiff's medical regimen was stable; her pain was well-controlled; and that she was doing "very well." (Tr. 434, 441.) Dr. Blanche also noted that plaintiff was mentally clear enough to drive, despite opining that her medications caused severe side effects. (Tr. 431.) On this record, it was reasonable for the ALJ to resolve the apparent conflict within Dr. Blanche's opinion as well as the conflict between Dr. Blanche's opinion and

Page 6 – OPINION AND ORDER

the medical records as a whole by assigning less weight to Dr. Blanche's opinion. *Morgan,* 169 F.3d at 603.

The ALJ also found that plaintiff's activities of daily living contradicted Dr. Blanche's opinion that plaintiff was severely limited in several functional areas. (Tr. 31.) A claimant's activities can provide a legitimate basis for rejecting a physician's opinion. *Magallanes v. Bowen,* 881 F.2d 747, 754 (9th Cir. 1989). Here, plaintiff was able to walk 1.5 miles each day, shop for groceries, prepare simple meals, read, watch television, attend a craft market for several hours per week, bake, and plant flowers. (Tr. 234-41.) While the record of plaintiff's daily activities is susceptible to multiple interpretations, it was reasonable for the ALJ to conclude based on plaintiff's activities that Dr. Blanche's opinion was entitled to less weight. *Morgan,* 169 F.3d at 603. In sum, the ALJ's evaluation of Dr. Blanche's opinion was supported by substantial evidence.

## II. Plaintiff's Testimony

Plaintiff next argues that the ALJ erred by rejecting her subjective symptom testimony. The Ninth Circuit has developed a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue,* 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007). Second, "if the claimant meets the first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.,* quoting *Smolen,* 80 F.3d at 1281. The ALJ's overall credibility determination may be upheld even if not all of the

Page 7 – OPINION AND ORDER

ALJ's reasons for rejecting the claimant's testimony are upheld. *Batson v. Comm'r*, 359 F.3d 1190, 1197 (9th Cir. 2004).

At the hearing, plaintiff testified that she was unable to work primarily due to pain, exhaustion, and medication side-effects. (Tr. 55.) The ALJ rejected plaintiff's testimony regarding her symptoms and limitations and provided clear and convincing reasons for doing so. (Tr. 29.) First, the ALJ noted that plaintiff's daily activities were inconsistent with the degree of severity of her alleged limitations. (Tr. 30.) A claimant's daily activities can form the basis of an adverse credibility finding when they contradict a claimant's testimony. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). Here, for example, the ALJ found that plaintiff was more active than she alleged in her testimony, because she was able to shop for groceries, prepare simple meals, read, watch television, attend a craft market for several hours per week, bake, and plant flowers. (Tr. 234-41.) The court finds that these activities alone do not contradict any specific limitations alleged by plaintiff in her testimony. On this record, plaintiff's activities do not provide a clear and convincing reason to reject her testimony. *Molina*, 674 F.3d at 1113.

Second, the ALJ found that plaintiff's alleged symptoms improved with treatment. Plaintiff's pain management specialist Shawn Sills, M.D., noted reports of significant pain relief from her medications and other treatments. (Tr. 329-87.) On September 23, 2011, for example, plaintiff declined surgery and reported "exceptional" pain relief. (Tr. 365.) Plaintiff reported that she was able to perform activities of daily living without distress, functioned normally, and had complete neck and back pain relief with injections. (Tr. 332, 334, 349.) As discussed above, however, the ALJ failed to consider the opinion of Dr. Kranenburg and therefore did not have the opportunity to weigh plaintiff's allegations against the complete medical record.

Third, the ALJ found that clinical findings did not support the level of limitation alleged in plaintiff's testimony. (Tr. 30.) Minimal objective findings can undermine a claimant's credibility when other legally sufficient reasons for rejecting her testimony are present. *Burch*, 400 F.3d at 680-81. Here, plaintiff alleged significant limitations from her sacroiliac joint dysfunction. However, the medical records showed that on examination, plaintiff was able to move about easily and had full strength in her lower extremities bilaterally. (Tr. 320-24.) The lack of objective findings in the record supporting plaintiff's allegations provides some weight to the ALJ's rejection of her testimony, but does not constitute a clear and convincing reason for rejecting her testimony. *Burch,* 400 F.3d at 680-81. In sum, the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's testimony.

### *Remand*

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir 2004)). The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a

Page 9 – OPINION AND ORDER

determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871 876 (9th Cir. 2003) (citing *Bunnell*, 947 F.2d at 348 (*en banc*)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

Here, the ALJ failed to provide any rationale for rejecting the opinion of examining physician Dr. Kranenburg, and failed to provide legally sufficient reasons for rejecting plaintiff's testimony. The ALJ's decision was therefore not supported by substantial evidence. Outstanding issues remain, however, before a determination of disability can be made. On remand, the ALJ should be given the opportunity to consider the erroneously rejected evidence, take new testimony from a VE, and determine whether plaintiff can perform her past relevant work, or any jobs exist in significant numbers in the national economy.

## *Conclusion*

The Commissioner's decision is not supported by substantial evidence in the record, and is therefore **REVERSED and REMANDED** for further proceedings.

IT IS SO ORDERED

DATED January 9, 2017.

                                             _____
                                             JOHN V. ACOSTA
                                             United States Magistrate Judge